# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**QUINTON PAUL HANDLON,**

    **Plaintiff,**

v.                                                    Case No. 5:23-cv-499-WFJ-PRL

**GOOGLE INC.,**

    **Defendant.**

_____

## ORDER

This cause is before the Court on Plaintiff Quinton Paul Handlon's Civil Rights Complaint. (Doc. 1). Plaintiff is federal prisoner and is proceeding *pro se*.

### I. Legal Standard

Pursuant to 28 U.S.C. § 1915A(a), federal courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. Upon review, a court is required to dismiss the complaint (or any portion thereof) under the following circumstances:

> (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In addition, 28 U.S.C. § 1915(e) directs courts to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, the Court must read a plaintiff's pro se allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

## II. Analysis

Plaintiff has filed suit against Google, Inc. (Doc. 1 at 2). Plaintiff contends that Google allegedly failed to "comply with the intent of a lawfully served subpoena." (Doc. 1 at 13–14). Plaintiff states that Google was served a subpoena on April 24, 2013, "to collect personal information for an email account dancercheer911@gmail.com." *Id*. at 13. Plaintiff claims the subpoena contained a typographical error; that the correct email account was dancecheer911@gmail.com." *Id*. Plaintiff acknowledges that Google did comply with the subpoena as written but should have "put forth the minor effort to provide the requested electronic documents" once they were given notice of the typo. *Id*. at 14. Therefore, Plaintiff claims Google failed to comply with the "intent" of the subpoena. *Id*.

On March 6, 2016, Plaintiff requested from Google "the IP Login Report for dancecheer911." *Id*. at 13. Google responded that he would need to either access the account or serve them a subpoena. *Id*. Plaintiff did neither. *Id*. Plaintiff alleges that Google's actions violated his Fifth and Sixth Amendment rights by not allowing him

2

"to confront the witnesses with the evidence" and "he was not able to defend himself thus was denied a fair trial." *Id.*

Plaintiff's case is due to be dismissed for failure to state a claim. The Defendant is not a state actor for purposes of suit under 42 U.S.C. § 1983. "To obtain relief under § 1983, [a party] must show that he was deprived of a federal right by a person acting under color of state law." *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000). Only in rare circumstances may a private party be viewed as a state actor for purposes of liability under § 1983. To hold that private parties are state actors, this Court must conclude that one of the following conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test). *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 341, 1347 (11th Cir. 2001). Even liberally construed, the allegations in the Complaint do not suggest that Plaintiff could meet any of those tests.

Further, Plaintiff's claims are barred by the statute of limitations. Because § 1983 does not contain a statute of limitations, claims are "governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) (citations omitted); *Grace v. Wainwright*, 761 F. Supp.0 1520, 1526 (M.D. Fla. 1991). Furthermore, federal law provides that a claim accrues when "the facts which would support a cause of action

3

are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Borda v. Chase*, 630 F. App'x 889, 890 (11th Cir. 2015) (quotation omitted). In other words, the statute of limitations begins to run "when a plaintiff knows or should know that he was injured and who inflicted the injury." *Id*. (citation omitted).

Here, the FBI issued a subpoena with the alleged typo on April 24, 2013, and Google replied to it on May 2, 2013. (Doc. 1 at 13). Plaintiff claims he "learned of" the problems with the "FBI Email sting" in January 2016, "but every attempt by mail to get information from Google Inc., the U.S. Attorneys Office and 'Handlon's' Public Defenders went unanswered or was give [sic] unreasonable course to obtain this information." *Id*. Plaintiff then contacted Google on March 6, 2016, seeking information on the correctly spelled email account. *Id*. Regardless of when Plaintiff was actually aware of any alleged errors in the subpoena, the Court concludes that Plaintiff could have discovered the basis for his claim during discovery, pretrial investigations, trial (October 6–9, 2014), appeal (opinion issued August 10, 2016) or in his § 2255 proceedings (order denying entered May 2, 2019). *See Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (noting that the statute of limitations runs from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."). Therefore, Plaintiff's claim accrued, at the latest, by May 2019. Plaintiff's Complaint, received in this Court on August 10, 2023, and dated August 4, 2023, was filed more than four years after the statute of limitations expired. Therefore, the Complaint is due to be dismissed because it is barred by the statute of limitations.

Finally, this claim is frivolous. Plaintiff admits that Google complied with the subpoena. (Doc. 1 at 14). Therefore, Plaintiff cannot sue Google for the alleged failure "to comply with the intent" of the same subpoena.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED** with prejudice because the Complaint is barred by the statute of limitations, is frivolous, and otherwise fails to state a claim.

2. The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Tampa, Florida on September 28, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Pro Se Plaintiff