## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**QUINTON PAUL HANDLON,**

    **Plaintiff,**

**v.**                      **Case No. 5:23-cv-499-WFJ-PRL**

**GOOGLE INC.,**

    **Defendant.**

_____

### ORDER

    This cause is before the Court on Plaintiff's "Motion to Reconsider or Forward this Case to the U.S. Court of Appeals," (Doc. 7), which seeks reconsideration of the Court's Order dismissing the case as time barred, frivolous, and otherwise failing to state a claim (Doc. 5). For the reasons set forth below, the Motion to Reconsider will be denied.

    District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying

reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

In his Motion to Reconsider, Plaintiff repeats the claims in his Complaint. *See* Doc. 7. Plaintiff has failed to provide a basis upon which this Court should reconsider its Order.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.  Plaintiff's Motion (Doc. 7) is **DENIED**.

2.  To the extent Plaintiff wishes to appeal the dismissal of his case, he is advised to review the Federal Rules of Appellate Procedure.

3.  To the extent Plaintiff seeks a refund of his filing fee, *see* Doc. 7 at 2, his request is **DENIED.** *See* 28 U.S.C. § 1914(a).

**DONE** and **ORDERED** in Tampa, Florida on November 6, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Pro Se Plaintiff